USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: NOV 1 2 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TRUSTEES OF THE NEW YORK CITY DISTRICT :
COUNCIL OF CARPENTERS PENSION FUND, :
WELFARE FUND, ANNUITY FUND, :
APPRENTICESHIP, JOURNEYMAN :
RETRAINING, EDUCATIONAL AND INDUSTRY :
FUND, CHARITY FUND, THE NEW YORK CITY :
AND VICINITY CARPENTERS LABOR- :
MANAGEMENT CORPORATION, AND THE :
DISTRICT COUNCIL FOR NEW YORK CITY :
AND VICINITY, UNITED BROTHERHOOD OF :
CARPENTERS AND JOINERS OF AMERICA, :

                  Plaintiffs, :

     -v- :

INTEGRATED STRUCTURES CORP., :

                  Defendant. :

------------------------------------------------------------X

11 Civ. 8975 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

     On December 8, 2011, plaintiffs filed this action to confirm an arbitration award pursuant to section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3), section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. (Compl. ¶ 1, ECF No. 1.) The dispute that gave rise to the arbitration concerns the alleged failure of defendant Integrated Structures Corp. ("Integrated") to make certain required contributions to ERISA funds for which plaintiffs are trustees. (Id. ¶¶ 4-5, 11-12.)

On January 26, 2012, plaintiffs filed an amended complaint which added a second claim for relief against Integrated for further unpaid contributions to the same ERISA funds by another company, Francis A. Lee Company ("FALC"), which plaintiffs allege is, inter alia, an alter ego of Integrated. (Am. Compl. ¶¶ 19-28, ECF No. 7.) Integrated answered the amended complaint on August 24, 2012. (ECF No. 26.)

On May 17, 2013, plaintiffs timely moved for summary judgment on both claims for relief. (ECF Nos. 31-36.) While Integrated does not oppose confirmation of the arbitration award that is the subject of plaintiffs' first claim for relief (see Opp. at 1 n.1, ECF No. 43), it argues that summary judgment is inappropriate as to plaintiffs' second claim for relief because there is a genuine issue of material fact as to whether Integrated is an alter ego of FALC (id. at 4-8).[1] Plaintiffs' motion for summary judgment became fully briefed on July 1, 2013. (ECF No. 45.)

For the reasons set forth below, plaintiffs' motion for summary judgment is GRANTED.

## BACKGROUND

Both parties have submitted statements pursuant to Local Civil Rule 56.1 in support of and in opposition to the instant motion—plaintiffs submitted their statement ("SOF") on May 17, 2013 (ECF No. 32), while Integrated submitted its

---

[1] Though Integrated also argues that plaintiffs have waived their right to proceed on their alter ego claim because, in substance, plaintiffs could have insisted on language in the CBAs they signed with both Integrated and FALC that required one to be responsible for the debts of the other (see Opp. at 8-9), Integrated does not cite any case law in support of this argument and the Court finds it to be without merit.

2

counter-statement ("RSOF") on June 18, 2013 (ECF No. 42). The following facts are undisputed unless otherwise noted.

Plaintiffs Trustees of the New York City District Council of Carpenters Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Fund are employer and employee trustees of multi-employer labor management trust funds organized and operated in accordance with ERISA (the "ERISA Funds"). (SOF ¶ 1.) Plaintiffs Trustees of the New York City District Council of Carpenters Charity Fund is a charitable organization established under section 501(c)(3) of the Internal Revenue Code (the "Charity Fund") (collectively, with the ERISA Funds, the "Funds"). (Id. ¶ 2.) Plaintiff District Council for New York City and Vicinity, United Brotherhood of Carpenters & Joiners of America (the "Union") is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, and is the certified bargaining representative for certain employees of Integrated. (Id. ¶ 3.) Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation is a New York not-for-profit corporation. (Id. ¶ 4.)

Integrated is bound by a collective bargaining agreement between the General Contractors Association of New York, Inc., of which Integrated was a member company, and the Union (the "CBA"). (Id. ¶ 5.) The CBA covers all carpentry work performed by member companies within the trade and geographic jurisdiction of the Union. (Id. ¶ 6.) The CBA required member companies to make specified hourly contributions to the Funds for every hour of work performed, and to

furnish its books and payroll records when requested for the purpose of conducting an audit to ensure compliance with these contribution requirements. (Id. ¶¶ 7-8.) The CBA provides for the resolution of disputes concerning these contributions by arbitration before certain designated impartial arbitrators. (Id. ¶ 9.) The CBA also sets forth the manner in which the liability of a member company who fails to timely pay these required contributions, and against whom the Funds commence legal proceedings to recover the contributions, is to be calculated. (Id. ¶ 10.) The CBA provides for recovery of the unpaid contributions, interest, attorney's fees, and costs of the action.

Pursuant to the CBA, plaintiffs conducted an audit of Integrated covering the period February 5, 2007 through October 17, 2009. (Id. ¶ 11.) The auditors determined that Integrated failed to report and make contributions in the principal amount of $50,503.00. (Id.) Plaintiffs then submitted the dispute to arbitration before one of the designated impartial arbitrators. (Id. ¶¶ 12-13.) Despite being sent a notice on September 13, 2011, which advised Integrated that an arbitration hearing was scheduled for October 28, 2011, Integrated failed to appear and the arbitration proceeded as a default hearing. (Id. ¶¶ 14-15.) On November 1, 2011, the arbitrator issued an award requiring Integrated to pay the Funds a sum of $77,597.72, with interest to accrue at the rate of 5.25% from the date of the award. (Id. ¶ 16; Am. Compl. Ex. A.)[2] To date, Integrated has not paid any portion of this award. (SOF ¶ 17.)

---

[2] The Court notes that the final three pages of the arbitration award attached as Exhibit F to the Declaration of Luke Powers, which purports to be the November 1, 2011 award that is the subject of plaintiffs' first claim for relief in the

4

As stated above, plaintiffs also seek to obtain payment from Integrated for unpaid contributions to the Funds by FALC, another member company of the CBA, on the grounds that FALC is an alter ego of Integrated. In an action filed six months before the instant action, on July 14, 2011, the Funds and the Union sought confirmation of a separate arbitration award related to unpaid benefit contributions by FALC to the Funds in a suit before United States District Judge Laura Swain, 11 Civ. 4855 (LTS). (Compl. ¶¶ 9-15, 11 Civ. 4855, ECF No. 1.) The arbitration award that formed the basis for the suit was issued on April 22, 2011 against FALC by the same impartial arbitrator. (Id. Ex. A.) Despite receiving notice of the arbitration, FALC (like Integrated) failed to appear and the arbitration proceeded as a default hearing. (Id. Ex. A.) The award required FALC to pay the Funds a sum of $154,692.68, with interest to accrue at the rate of 5.25% from the date of the award. (Id.) The arbitrator found that the unpaid contributions due by FALC to the Funds were for the audit period July 1, 2002 through June 30, 2010, though the delinquent payments were found to be between April 28, 2008 and June 30, 2010. (Id. ¶ 11, Ex. A at 2.)[3] After FALC failed to answer the complaint in 11 Civ. 4855, the Funds and the Union moved for default and Judge Swain entered a default judgment against FALC in the amount of $159,687.88, inclusive of interest, attorney's fees, and costs. (SOF ¶ 18.)[4]

---

amended complaint, is an award from a different arbitration. Plaintiffs included a full version of the correct arbitration award as an exhibit to their amended complaint.

[3] Though Integrated states that the audit period began on August 7, 2002 (see RSOF ¶ 18), this is not the date reflected in the filings in 11 Civ. 4855 and Integrated does not otherwise provide any basis for this assertion.

[4] The Court notes that the default judgment attached as Exhibit P to the Declaration of Richard B. Epstein, which purports to be the default judgment entered in 11 Civ. 4855 on October 4, 2011, is in fact a default judgment entered

Dispute arises as to many of the facts concerning the ownership and operation of Integrated and FALC. While plaintiffs argue that Francis Lee is the "Owner and Sole Officer" of Integrated (citing to an affidavit by Lee that was previously filed in this action) (SOF ¶ 20), Integrated asserts that Lee has been president of Integrated since September 1, 2007 and that, prior to September 1, 2007, Patricia Lee[5] served as president (RSOF ¶ 20). While plaintiffs argue that Francis Lee was the president and sole shareholder of FALC "[a]t all times" (SOF ¶ 19), Integrated states that, between February 15, 2003 and on or around September 1, 2007, Patricia Lee served as president of FALC (RSOF ¶19). Integrated alleges that FALC ceased operations in April 2010. (RSOF ¶ 21.)

Both Integrated and FALC were located at 335 New South Road, Hicksville, New York, 11801, and used the same facsimile number; Integrated asserts that the two companies used different phone numbers. (SOF ¶¶ 21-22; RSOF ¶ 22.) Plaintiffs also allege that the website for FALC is currently registered to Integrated; Integrated responds that, prior to a year ago, the site was not registered to Integrated. (SOF ¶ 28; RSOF ¶ 28.) Integrated asserts that Integrated and FALC paid their membership dues for the General Contractors Association of New York separately. (RSOF ¶ 23.) Lee himself states in an affidavit that Integrated and FALC filed separate tax returns, maintained separate bank accounts, and "always kept their finances separate." (Lee Aff. ¶ 13. ECF No. 41.)

---

in different case. In any event, the Court notes that the default judgment on the docket of 11 Civ. 4855 at ECF No. 11 does reflect the dates, parties, and amounts listed in paragraph 18 of plaintiffs' Local Civil Rule 56.1 statement.
[5] The record indicates that Francis Lee and Patricia Lee were husband and wife. (See Capurso Decl. Ex. D, ECF. 34.)

Lee states that, prior to 2010, Integrated performed concrete work on large construction sites in and around the tri-state area. (Id. ¶ 5.) Lee states that FALC, while in operation, performed steel installation work on large construction sites in and around the tri-state area. (Id. ¶ 7.) Integrated states that it "primarily" performed concrete work and that FALC "primarily" performed steel work, though both companies performed "some" carpentry work. (RSOF ¶ 24.) Lee states that "[i]t was not until after FALC ceased its operations [in April 2010] did [sic] Integrated begin performing steel installations. Prior to that time Integrated did not perform these operations." (Lee Aff. ¶ 9.) Lee also states that Integrated and FALC did not share the same equipment because they performed different types of work. (Id. ¶ 11.)

FALC remitted contributions to the Funds on behalf of 44 individual carpenters it employed. (SOF ¶ 25.) Of these 44 carpenters, 28 also worked for Integrated during the same or similar periods of time, though Integrated asserts that this overlap was both rare and occurred without regard to whether the carpenters had been employed by the other entity. (SOF ¶ 26; RSOF ¶ 26.) Though plaintiffs allege that both Integrated and FALC were hired to perform construction work for nine different projects, Integrated argues that, on the six projects it admits both Integrated and FALC performed work, the two companies engaged in different types of work under different contracts. (SOF ¶ 27; RSOF ¶ 27.)

## STANDARD

A motion for summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); El Sayed, 627 F.3d at 933.

"A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Only disputes over material facts—"facts that might affect the outcome of the suit under the governing law"—will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (citation omitted). A court's review of an arbitration award is "severely limited" so as not

unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation. Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

## DISCUSSION

The record before the Court on this motion establishes not only that there is no genuine issue of material fact as to confirmation of the November 1, 2011 arbitration award against Integrated (which Integrated does not oppose), but also that plaintiffs are entitled to judgment against Integrated with respect to the April 22, 2011 arbitration award against FALC because the companies are alter egos.

I. Confirmation of the Integrated Arbitration Award

Plaintiffs have submitted uncontroverted evidence that leaves no genuine issue of material fact for trial as to the following:

- Integrated is a party to the CBA. (SOF ¶ 5.)
- The CBA required Integrated to make certain contributions to the Funds. (Id. ¶¶ 7-8.)
- An audit covering the period February 5, 2007 through October 1, 2009, showed that Integrated failed to make certain of these required contributions. (Id. ¶ 11.)

9

- The CBA sets forth an arbitration procedure for the resolution of disputes concerning these contributions, which plaintiffs followed. (Id. ¶¶ 9, 12-13.)
- Despite receiving notice of the arbitration, Integrated failed to appear or to otherwise contest the proceeding. (Id. ¶¶ 14-15.)
- The arbitrator's decision was not arbitrary, did not exceed his powers, and was not otherwise contrary to law. (Am. Compl. Ex. A.)
- The damages ($77,597.72, plus $8,270.54 in interest) are readily ascertainable from the pleadings. See, e.g., Abondolo v. H. & M.S. Meat Corp., No. 07 Civ. 3870, 2008 WL 2047612, at *3 (S.D.N.Y. May 12, 2008); see also SEIU v. Stone Park Assocs., LLC, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004) ("The decision whether to grant prejudgment interest in arbitration confirmations is left to the discretion of the district court.").
- An award of attorney's fees and costs is also justified in this case under the express terms of the CBA. (SOF ¶ 10.)

Accordingly, the Court hereby confirms the November 1, 2011 arbitration award against Integrated in all respects.

II. Alter Ego Liability for FALC

"The purpose of the alter ego doctrine in the ERISA context is to prevent an employer from evading its obligations under the labor laws through a sham transaction or technical change in operations." Ret. Plan of UNITE HERE Nat'l Ret. Fund v. Kombassan Holding A.S., 629 F.3d 282, 288 (2d Cir. 2010) (citations internal quotation marks omitted). "Although the alter ego doctrine is primarily

10

applied in situations involving successor companies, where the successor is merely a disguised continuance of the old employer, it also applies to situations where the companies are parallel companies." Id. (citations omitted).

In determining whether two companies are alter egos, the Second Circuit "focuses on commonality of (i) management, (ii) business purpose, (iii) operations, (iv) equipment, (v) customers, and (vi) supervision and ownership." N.Y. State Teamsters Conference Pension & Ret. Fund v. Express Services, Inc., 426 F.3d 640 649-50 (2d Cir. 2005) (internal quotation marks omitted). The Second Circuit weighs these factors while "[c]onsidering the important policy considerations for employing a flexible alter ego test in the ERISA context . . . ." Kombassan, 629 F.3d at 289. "Although perhaps a germane or sufficient basis for imposing alter ego status, an anti-union animus or an intent to evade union obligations is not a necessary factor." Id. at 288 (internal quotation marks omitted) (emphasis in original) (citing Goodman Piping Prods., Inc. v. NLRB, 741 F.2d 10, 11 (2d Cir. 1984)).

In light of this standard, these factors, and the policy considerations in play in the ERISA context, the Court finds FALC to be an alter ego of Integrated. Not only was Francis Lee the sole owner and president of both companies during the delinquency periods identified in the applicable audits,[6] operating out of the same offices, and sharing certain customers and employees, but the record makes clear that Integrated now serves as "merely a disguised continuance," Kombassan, 629

---

[6] The Court notes that Francis Lee's wife, Patricia Lee, served as president of Integrated for the first seven months of the more than two and a half years for which Integrated's contributions to the Funds were audited by plaintiffs.

F.3d at 288, of FALC. Though Integrated attempts to carefully cabin the business purposes of Integrated (primarily concrete work) and FALC (primarily steel work), by Integrated's own admission it began engaging in steel work after FALC ceased operations in April 2010. Since that time, the registration of FALC's website has been transferred to Integrated, and Lee remains the sole owner and president of Integrated today.

The Court disagrees with Integrated's argument that no anti-union animus exists in this case because Integrated "has made no attempt whatsoever to avoid its obligations" under the CBA. (See Opp. at 4.) To the contrary, Integrated refused to participate in the arbitration process outlined in the CBA for disputes concerning required contributions to the Funds (though it now does not oppose confirmation of the arbitration award issued in its absence as to those contributions).

In fact, the record shows that this is not a new tactic for the sole owner and president of Integrated; he employed this same strategy in connection with similar claims by plaintiffs against FALC months earlier. FALC, like Integrated, also refused to participate in both the CBA-mandated arbitration process for the dispute and the subsequent suit in federal court brought by plaintiffs to confirm the April 22, 2011 arbitration award before Judge Swain. Instead, FALC "became an inactive corporation that has not engaged in any business activity nor entered into any union agreements since April 1, 2010" (Lee Aff. ¶ 4), after which Integrated suddenly began engaging in the business that had previously been FALC's "primary" business. In sum, the Court finds that this is precisely the kind of case in

which the policy considerations identified by the Second Circuit with respect to alter ego ERISA cases are of paramount importance and entitled to substantial weight.

The Court finds that there is no genuine issue of material fact as to plaintiffs' second claim for relief—because Integrated and FALC are alter egos—and thus plaintiffs are entitled to summary judgment on this claim as well.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for summary judgment is GRANTED. Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiff shall have judgment against Integrated in the amount of **$85,868.26**, arising out of confirmation of the November 1, 2011 arbitration award against Integrated;

2. Plaintiffs shall have judgment against Integrated for attorneys fees and costs in this action, in an amount to be determined by the Court after plaintiffs submit materials sufficient to establish the basis for these fees and costs by not later than **December 3, 2013**;

3. The November 1, 2011 arbitration award is confirmed in all respects; and

4. Plaintiffs shall have judgment against Integrated in the amount of **$159,687.88**, arising out of the default judgment entered by Judge Swain against FALC in 11 Civ. 4855 (LTS) on October 4, 2011.

The Clerk of Court is directed to close the motion at ECF No. 31 and to terminate this action.

SO ORDERED.

Dated:  New York, New York
        November 12, 2013

                                                KATHERINE B. FORREST
                                                United States District Judge